1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11   VIRGIL T. LEE,                          No. C 06-1416 JSW (PR)

12              Petitioner,                   **ORDER DENYING PETITION FOR
                                              WRIT OF HABEAS CORPUS**
13        v.

14   JAMES A. YATES, Warden,

15              Respondent.

16   _____/

17                              **INTRODUCTION**

18        This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254.

19   As grounds for habeas relief Petitioner alleges that the trial court violated his constitutional rights

20   when it denied his motion for a continuance.  For the reasons set forth below, the petition is

21   DENIED.

22                               **STATEMENT**

23        In 2004, Petitioner was convicted by a Santa Clara County Superior Court jury of one count

24   of vehicle theft (Cal. Veh. Code § 10851) and one count of resisting a peace officer (*id*. §§ 666.6 &

25   148(a)(1)).  Petitioner admitted that he had one prior strike conviction and that he had served three

26
27
28

**United States District Court**
**For the Northern District of California**

United States District Court
For the Northern District of California

1   prior prison terms within the meaning of Cal. Pen. Code §§ 667(b)–(i), 1170.12, & 667.5.[1]  The trial

2   court sentenced Petitioner to a total term of eight years in state prison.  Petitioner appealed.  The

3   California Court of Appeal for the Sixth Appellate District affirmed the judgment.  (Ans., Ex. F

4   (*People v. Lee*, No. H027548, 2005 WL 2271913 (Cal. Ct. App. Sept. 19, 2005)) at 1.)  The

5   California Supreme Court denied his petition for review.  (*Id*., Ex. H.)

6         Evidence presented at trial showed that in February 2001 Petitioner stole a red pickup truck

7   and attempted, after being seen by police officers, to avoid arrest.  The police eventually captured

8   Petitioner through the use of a police dog named Goliath, who found petitioner in the condominium

9   complex the police had seen him running toward as he left the vehicle.  (Ans., Ex. F at 1–3)

10        As grounds for federal habeas relief, Petitioner alleges that the trial court violated his Sixth

11  Amendment right to counsel when it denied his motion for a continuance of a suppression hearing.

12

13                          **STANDARD OF REVIEW**

14        Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a district court may

15  not grant a petition challenging a state conviction or sentence on the basis of a claim that was

16  reviewed on the merits in state court unless the state court's adjudication of the claim:

17        (1) resulted in a decision that was contrary to, or involved an unreasonable
      application of, clearly established Federal law, as determined by the Supreme Court
18        of the United States; or (2) resulted in a decision that was based on an
      unreasonable determination of the facts in light of the evidence presented in the
19        State court proceeding.

20  28 U.S.C. 2254(d).

21        The first prong applies both to questions of law and to mixed questions of law and fact.

22  *Williams v. Taylor*, 529 U.S. 362, 407–09 (2001).  The second prong applies to decisions based on

23  factual determinations.  *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003).

24        A state court decision is "contrary to" Supreme Court authority, that is, falls under the first

25  clause of Section 2254(d)(1), only if "the state court arrives at a conclusion opposite to that

26

27  _____

      [1]  This was petitioner's second trial on these charges, the convictions resulting from the first trial
28  having been reversed by the California Court of Appeal.  *See People v. Lee*, No. H024169, 2003 WL
      22100843 (Cal. Ct. App. Sept. 11, 2003).

reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13.  A state court decision is an "unreasonable application of" Supreme Court authority, and thus falls under the second clause of Section 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  A federal court on habeas review may not issue a writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id*. at 409.

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeal, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981).  A petitioner must present clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Ibid*.

Under Section 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340.

## DISCUSSION

Petitioner claims that the trial court violated his Sixth Amendment right to counsel when it denied trial counsel's motion to continue a suppression hearing in order to allow trial counsel time to consult with an expert.  (Pet. at 6.)  The state appellate court ruled against Petitioner, finding that an "expert's guidance to counsel on the issue of whether Goliath was properly trained to track or merely to locate hiding persons would not have been relevant to the probable cause determination."  (Ans., Ex. F at 18.)

The facts underlying Petitioner's claim are as follows:

> [Petitioner] filed his motion to suppress arguing that [Petitioner] had been unlawfully detained and unlawfully arrested through the actions of Goliath and [arresting] Officer Hunt.  The motion also argued that evidence of Goliath's tracking was inadmissible.  [Petitioner] argued, "since the position of the People

**United States District Court**
For the Northern District of California

consistently throughout these proceedings has been that the dog is not a trained tracking dog, they are estopped from claiming the contrary during this motion to suppress." The motion further contended that "the dog simply was not a trained tracking dog" and "since any documentation of the dog's alleged tracking ability has not been provided in discovery in three years, to allow such evidence now would violate the criminal discovery laws."

. . . .

[At the January 30th hearing on the motion to suppress] defense counsel said, "I have got to have those records," referring to monthly training logs, kept with the police canine unit, which detailed the date and length of training and the specific task worked on with the dog. Counsel said, "I'm not in a position to cross-examine based upon conclusory statements based upon records that have existed for ages and that I've asked for for three years." On February 2, the prosecutor received and offered defense counsel the documents about Goliath, which defense counsel received February 5. On February 5, because defense counsel was in trial on another matter, [Petitioner]'s case was continued and trailed until March 2. On that day, defense counsel asked for the continuance of the motion to suppress beyond the statutory time limit that [Petitioner] contends was an abuse of discretion to deny. Defense counsel said that when he received the records of Goliath's training he asked himself, "'What am I going to do with these records?' and decided, well, I probably needed an expert." He said he had "contacted an expert who is expensive, who's in Alabama, who is apparently one of only two real scientific experts in this area in the country." He said he had sent this expert the records concerning Goliath, but that the expert would not be able to "tell [defense counsel] what he thinks" until March 5. Counsel hoped that this expert, a doctor of veterinary medicine, could tell counsel "whether there was anything to this animal's training, whether there is an actual tracking or training issue or not."

Defense counsel said he was "very reluctant" to ask his client to "engage in some additional limited time waiver" because [Petitioner]'s case "got put off so long the first time" and counsel had "trials stacked up, about three or four of them." The prosecutor expressed concern, stating, "[Defense counsel] has a busy calendar. His client refuses to waive his right to a speedy trial. And the issue then becomes: Which controls?" The prosecutor stated that he would not stipulate to a limited time waiver.

The court said, "And I have the same concern. So you can consider it. Talk to [Petitioner]. If you — I don't believe that I can find good cause based on what I've heard up to now. Certainly you're welcome to look into the cases cited by [the prosecutor] and give me some authority to the contrary. But perhaps the best thing would be for you to discuss with [Petitioner] how he wishes to proceed. And I know you will." The court then took the noon recess, after which defense counsel proceeded to cross-examine Officer Hunt without renewing the motion for a continuance.

The trial court denied the motion to suppress . . . [Petitioner] complains, "[T]he trial court expected [Petitioner]'s counsel, while in a month-long trial on another matter, to review approximately 700 pages of records pertinent to Goliath's tracking abilities . . . with the view of formulating appropriate and effective cross-examination in a technical area foreign to him and most any other layperson." He argues, "The trial court's failure to grant [Petitioner] a brief continuance for consultation with an expert was an abuse of discretion. Without [arresting Officer] Hunt's expert testimony the prosecution could not have established probable cause to arrest [Petitioner]; it could only show Goliath had found someone hiding in the bushes, as the dog had been trained to do. Thus the trial court would have had no

United States District Court
For the Northern District of California

1    alternative but to grant the suppression motion, ending any further litigation.  [¶]
2    But, without such consultation [Petitioner] could not counter Goliath's 'ability to
     track both through tracking and air scent.'"

3    (Ans., Ex. F at 11–14.)

4    To establish a constitutional violation based on the denial of a continuance motion, a

5    petitioner must show that the trial court abused its discretion, which will be found if, after carefully

6    evaluating all relevant factors, it is concluded that the denial is arbitrary or unreasonable.  *See*

7    *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir. 1985).  In considering whether the denial of a

8    continuance implicating a defendant's Sixth Amendment right to counsel is an abuse of discretion,

9    the Ninth Circuit has applied the factors set forth in *U.S. v. Robinson*, 967 F.2d 287, 291 (9th Cir.

10   1992):  (1) whether the continuance would inconvenience witnesses, the court, counsel, or the

11   parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for

12   the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice

13   the defendant.  *See U.S. v. Mejia*, 69 F.3d 309, 314 (9th Cir. 1995).  But the ultimate test remains

14   whether trial court abused its discretion through an "unreasoning and arbitrary insistence upon

15   expeditiousness in the face of a justifiable request for delay."  *Houston v. Schomig*, 533 F.3d 1076,

16   1079 (9th Cir. 2008) (quoting *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983)) (internal quotation marks

17   omitted).

18   Applying the <u>Robinson</u> factors to the instant matter, the Court finds that Petitioner's claim is

19   without merit.  Specifically, the record shows that the delay apparently lay with defense counsel who

20   had a month to look over the records and obtain expert advice.  Furthermore, at no time during that

21   month — an ample period of time in which to find out as a preliminary matter whether consultation

22   with an expert was needed  — did trial counsel ask for more time to review the documentation or to

23   consult an expert.  Rather, trial counsel waited until the day of the suppression hearing to ask for the

24   trial court for an extension.

25   Also, significantly, the record does not show that the trial court's denial resulted in prejudice.

26   Underlying Petitioner's claim is his assertion that his arrest and detention following his discovery by

27   Goliath was invalid.  The record does not support this assertion.  On the night of the offense, the

28   police saw Petitioner leave the stolen vehicle and then escape on foot.  Though Goliath helped police

capture Petitioner, the validity of his arrest and detention rested on the fact that he had been seen earlier with the stolen vehicle. Goliath's training ability was merely a method to capture an already-identified suspect. Based on this record, the Court finds that the <u>Robinson</u> factors weigh in favor of respondent and against Petitioner.

Furthermore, the record does not show that the trial court abused its discretion through an "unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Rather, the record indicates that the trial court allowed trial counsel a month in which to review the documentation for which counsel had asked. This does not indicate an unreasoning and arbitrary insistence upon expeditiousness. Based on this record, the Court cannot say that the trial court violated petitioner's constitutional rights when it denied the motion for a continuance. Accordingly, Petitioner's claim is DENIED. The Court, therefore, concludes that the state court's determinations were not contrary to, or unreasonable applications of, clearly established Supreme Court precedent, nor were they based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d)(1), (2).

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 25, 2009

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VIRGIL T LEE,

        Plaintiff,

v.

JAMES A YATES et al,

        Defendant.
_____/

Case Number: CV06-01416 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 25, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Virgil T. Lee
San Quentin State Prison
T48852
San Quentin, CA 94974

Dated: February 25, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk